IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMMY DRUMMONDS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| HMS EDUCATIONAL SERVICES, ) | JURY TRIAL DEMANDED |
| INC., MARY JOYCE MEADOWS, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Tammy Drummonds (hereinafter "Plaintiff"), and files this lawsuit against Defendants HMS Educational Services and Joyce Meadows (hereinafter collectively "Defendants"), and shows the following:

### **I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

1

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant HMS Educational Services, Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 1820 Georgia Highway 20 Suite 208, Conyers, GA, 30013. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendants from 7/2005 through 1/22/2010 as an Admissions Coach .

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

8.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

9.

Defendants employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek up to sixty (60) hours per week, including working late evenings and through her lunches and was not paid the overtime wage differential.

11.

Defendant HMS Educational Services, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant Joyce Meadows was Plaintiff's supervisor who had discretion over Plaintiff's payroll and overtime compensation.

13.

Defendant Meadows acts both directly and indirectly in the interest of HMS Educational Services, Inc. and was in a supervisory position over the named Plaintiff.

14.

HMS Educational Services, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

15.

Defendant Joyce Meadows is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

### IV.  Facts

17.

Plaintiff worked for the Defendants within the past three years.

18.

Plaintiff was paid a salary which was intended to compensate Plaintiff for a forty hour work week.

19.

During Plaintiff's employment with the Defendants, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

20.

Plaintiff was a non-exempt employee and entitled to all her overtime wages worked.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

21.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

22.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount,

attorneys' fees, and the costs of this litigation.

## VII.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the ____ day of April, 2011.

           **BARRETT & FARAHANY, LLP**


           _____
           Amanda A. Farahany
           Georgia Bar No. 646135
           Attorney for Tammy Drummonds

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile